T.C. Memo. 1995-565


UNITED STATES TAX COURT


DAVID CARKHUFF AND TONJA CARKHUFF, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19773-94.                    Filed November 28, 1995.


David Carkhuff and Tonja Carkhuff, pro sese.

<u>Robert E. Cudlip</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, <u>Judge</u>:  This matter is before the Court on respondent's Motion for Summary Judgment, filed October 6, 1995, pursuant to Rule 121.[1]

---

[1]  All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable years in issue, unless otherwise indicated.

Respondent determined deficiencies in, an addition to, and accuracy-related penalties on, petitioners' Federal income tax for taxable years 1990 and 1991 as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a) | Accuracy-Related Penalty Sec. 6662(a)[1] |
|------|-----------|------------------------------|-------------------------------------------|
| 1990 | $7,594    | $1,730.75                    | $1,518.80                                 |
| 1991 | 44,731    | --                           | 8,946.20                                  |

[1] The first page of the statutory notice of deficiency mistakenly refers to the accuracy-related penalties determined in 1990 and 1991 as pursuant to sec. 6651; however, the explanation pages of the notice of deficiency refer to the correct section, 6662(a).

For the reasons discussed below, the Court will grant respondent's motion.

FINDINGS OF FACT

At the time the petition in this case was filed, petitioners resided in Concord, California. Petitioners requested San Francisco, California, as the place for trial at the time they filed their petition.

On September 21, 1994, respondent issued a statutory notice of deficiency to petitioners for tax years 1990 and 1991. The deficiencies at issue are attributable to respondent's determination that (1) petitioners failed to report gross receipts; (2) petitioners failed to report a taxable IRA distribution and are liable for additional tax on an early distribution from the IRA; (3) petitioners are liable for additional self-employment tax; (4) petitioners have not

substantiated certain cost of goods sold and Schedule C expenses; and (5) petitioners failed to report earned income credit recapture. The addition to tax at issue is attributable to petitioners' late filing of their 1990 Federal income tax return, and respondent asserted an accuracy-related penalty under section 6662(a), for tax years 1990 and 1991.

Petitioners invoked the jurisdiction of this Court by filing a timely petition for redetermination. In the petition, the sole ground for petitioners' disagreement with the adjustments in the notice of deficiency was that their "TAX RECORDS WERE NOT AVAILABLE WHEN REQUESTED". After filing an answer to the petition, respondent attempted to schedule a conference for the purpose of discussing the issues in the case. On March 17, 1995, in accordance with Branerton Corp. v. Commissioner, 61 T.C. 691 (1974), respondent sent a letter informally requesting petitioners to provide copies of all documents relevant to the issues in the case by April 20, 1995. The letter was sent by certified mail, return receipt requested, to three different addresses: petitioners' residence, petitioners' business, and in care of their representative, A.E. Rheinheimer, Enrolled Agent. Respondent received the return receipts indicating that petitioner, Tonja Carkhuff, signed for the letter addressed to the business address, on March 18, 1995, and for the letter addressed to the residence, on March 30, 1995. Furthermore, respondent received a return receipt indicating that A.E.

Rheinheimer signed for the letter addressed to his care, on March 18, 1995.  Respondent has never received a response from petitioners or their representative.

On May 23, 1995, respondent served by certified mail, return receipt requested, upon petitioners, at their residence address, Respondent's Request for Admissions, Interrogatories, and Respondent's Request for Production of Documents.  Petitioners did not file any response to the request for admissions.  In her request for admissions, respondent requested that petitioners admit that each of the determinations in the notice of deficency was correct.  In addition, respondent requested admission that petitioners' 1990 tax return was filed April 15, 1992, and that they had no reasonable cause for the late filing.  Petitioners did not respond to respondent's request for admissions.

Accordingly, respondent filed a Motion for Summary Judgment seeking judgment in her favor with respect to all disputed issues.  Respondent bases her Motion for Summary Judgment on the matters deemed admitted pursuant to Rule 90(c) (resulting from petitioners' failure to respond to respondent's request for admissions).  Petitioners have failed to respond to the pending motion.

OPINION

Summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that decision may be rendered as a matter of law."  Rule 121(b); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  Rule 121(d) states:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, then a decision, if appropriate, may be entered against such party.

See <u>King v. Commissioner</u>, 87 T.C. 1213, 1217 (1986).  The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner favorable to the party opposing summary judgment.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985), modified by T.C. Memo. 1991-264, affd. without published opinion (5th Cir. 1993); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

Pursuant to Rule 90(c), each statement set forth in a request for admissions served on a party is deemed admitted unless a response thereto is served upon the requesting party within 30 days after service of the request.  <u>Alexander v. Commissioner</u>, 926 F.2d 197, 198-199 (2d Cir. 1991), affg. per curiam T.C. Memo. 1990-315; <u>Dahlstrom v. Commissioner</u>, <u>supra</u> at 817-818; <u>Freedson v. Commissioner</u>, 65 T.C. 333, 334-336 (1975), affd. on another issue 565 F.2d 954 (5th Cir. 1978).  Summary

judgment is appropriate where the facts deemed admitted pursuant to Rule 90(c) support a finding that there is no genuine issue as to any material fact. Marshall v. Commissioner, 85 T.C. 267 (1985); Morrison v. Commissioner, 81 T.C. 644, 651-652 (1983).

We agree with respondent that the issues pertaining to petitioners' liability for the deficiencies and additions to tax in dispute are ripe for summary adjudication. In particular, petitioner is deemed to have admitted each of the factual allegations set forth in respondent's request for admissions. We note that respondent's request for admissions includes a statement advising petitioners that the allegations set forth therein would be deemed admitted under Rule 90(c) if not specifically admitted or denied within 30 days of service of the request. Based on the record presented, and particularly petitioners' failure to communicate with the Court or to otherwise respond to respondent's motion, we conclude that petitioners have no intention of pursuing this matter further.

The deficiencies determined by respondent in this case arise from petitioners' failure to report gross receipts, failure to report a taxable IRA distribution, failure to substantiate certain cost of goods sold and Schedule C expenses, and from other adjustments, as set forth in the notice of deficiency. The factual allegations deemed admitted by petitioners under Rule 90(c) establish that respondent's determinations with respect to these items are correct. Having examined all of the materials in

the record, including the notice of deficiency, the pleadings, and the admitted facts, we hold that there is no genuine issue of material fact with respect to petitioners' liability for the deficiencies determined by respondent. Accordingly, respondent is entitled to summary judgment as to the income tax deficiencies.

Respondent also determined that petitioners are liable under section 6651(a)(1) for an addition to tax for 1990 for failure to file a tax return. Section 6651(a)(1) imposes an addition to tax for failure to file timely a return unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. The deemed admissions in this case establish that petitioners failed to file their return for tax year 1990 until April 15, 1992. There is nothing in the record to suggest that petitioners' failure to file was due to reasonable cause and not willful neglect. We conclude, therefore, that respondent is entitled to summary judgment with respect to the addition to tax for 1990 for failure to file under section 6651(a). Rapp v. Commissioner, 774 F.2d 932, 936 (9th Cir. 1985), affg. an Order of this Court.

Section 6662(a) and (b) imposes a penalty equal to 20 percent of the portion of the underpayment of taxes attributable to negligence or disregard of rules or regulations. "Negligence" includes any failure to make a reasonable attempt to comply with applicable provisions of the Internal Revenue Code; "disregard"

includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  The deemed admissions establish that petitioners are liable for the penalty with regard to the entire underpayment. The deemed admissions establish that no genuine issue of material fact exists as to the issue of negligence and, therefore, respondent is entitled to a decision on this issue as a matter of law.

Accordingly, respondent's Motion for Summary Judgment will be granted as to all issues.

To reflect the foregoing,

An appropriate order and decision will be entered granting respondent's motion for summary judgment.